IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 4:17-CR-00293-BSM-1

TROY R. LOADHOLT

## PRETRIAL ORDER FOR CRIMINAL CASES

This order is designed to eliminate the need for the filing of, response to, and ruling upon "routine" motions, such as those involving: Rule 16 discovery; disclosure of exculpatory evidence; disclosure of any offer of leniency or plea bargains between the United States or the State of Arkansas and any government witness; preservation of field notes of any interview conducted by a government agent; disclosure of Rule 404(b) evidence; early disclosure of Jencks Act material; extensions of time to file pretrial motions; requests by the government for reciprocal discovery; notice of alibi; requests for grand jury testimony; and electronic surveillance.

## RULE 16

Federal Rule of Criminal Procedure 16 does not require a defendant to file a motion for discovery, nor does it require the government to file a motion for reciprocal discovery. *See* 2 C. Wright, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2d § 675. The parties are therefore expected to provide discovery promptly and to do so without an order.

At the defendant's request, the government must provide a written summary of its expert testimony sixty days before trial, as required by Federal Rule of Criminal Procedure

16(a)(1)(G). At the government's request, the defendant must provide a written summary of its expert testimony thirty days before trial, as required by Federal Rule of Criminal Procedure 16(b)(1)(C). These obligations do not apply to the first trial setting.

### RULE 404(b)

Similarly, a motion is not required for a defendant to obtain Rule 404(b) information. *See* Fed. R. Evid. 404(b). Defendants must present any request for Rule 404(b) information to the government, and the government must comply without an order.

### BRADY/GIGLIO

The government must comply with its Constitutional obligation to disclose any information known to it that is material to the guilt or punishment of the defendant whether or not the defendant requests it. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). *Brady* and *Giglio* information must be disclosed in time for effective use at trial. *In re United States (United States v. Coppa),* 267 F. 3d 132, 142 (2d Cir. 2001); *United States v. Olson*, 697 F.2d 273 (8th Cir. 1983). *Cf. United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983).

### JENCKS ACT

Jencks Act material may not be ordered disclosed until a witness has testified. 18 U.S.C. § 3500. Nevertheless, the government is encouraged to disclose this material as early as possible to avoid delays.

### FIELD NOTES

The government must instruct agents of the United States to preserve field notes in existence at the time of indictment. Rulings on the discoverability of field notes will be made as the issues are presented.

### NEWLY DISCOVERED INFORMATION

It is the continuing duty of counsel for both sides promptly to disclose to opposing counsel all newly discovered information or other material within the scope of this order. Fed. R. Crim. P. 16(c).

### NON-COMPLIANCE

If a party fails to comply with a discovery request, the party seeking discovery may move for an order directing compliance. Fed. R. Crim. P. 16(d)(2). Until a party has unsuccessfully requested discovery, no motion is needed. 2 C. Wright, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2d § 257. Counsel must comply with Local Rule 7.2(g) in connection with any motions to compel discovery.

### PRETRIAL MOTIONS

Pursuant to Fed. R. Crim. P. 12(c), the deadline for pretrial motions is two weeks prior to trial. Motions that arise from Jencks Act material are excluded from this deadline. More than two weeks will usually be helpful to the court, *i.e.*, the earlier, the better. Motions *in limine* are not included in this deadline for pretrial motions, but even for motions *in limine*, the earlier, the better. The parties are especially encouraged to file any motions that may

require a hearing, such as a motion to suppress, more than two weeks before trial.

## MOTIONS TO SUPPRESS

Motions to suppress evidence obtained from a search pursuant to a warrant must allege specific facts that, if proven, would provide a basis of relief. An evidentiary hearing on a suppression motion will be denied when the motion is supported only by general or conclusory assertions founded on mere suspicion or conjecture.

IT IS SO ORDERED this 11th day of July, 2024.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE