IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

vs.                                      No. 4:17CR-00293-1 BSM

**TROY R. LOADHOLT**                                                          **DEFENDANT**

## MOTION FOR RECONSIDERATION AND REQUEST FOR AN EVIDENTIARY HEARING

COMES NOW, the Defendant, Troy R. Loadholt, by and through his attorney, Bobby R. Digby II, and for his Motion to Reconsider the Court's Order of November 10, 2025 and Request for an Evidentiary Hearing, states as follows:

This matter is set for a Sentencing Hearing on November 13, 2025. On November 7, 2025, the Government filed a 31-page sentencing memorandum, which also included dozens of pages of exhibits, some of which were filed under seal. On November 10, 2025, the Court entered an Order denying many of the Defendant's objections to the pre-sentence report.

In making this ruling the Court relied on, at least in part, the Government's sentencing memorandum [Doc. No. 2944] and the responses of the probation office. Contemporaneous with this motion the Defendant has filed a sentencing memorandum. The Defendant relies upon the factual arguments to support this motion as set forth in the sentencing memorandum.

As is more fully set forth in the Defendant's sentencing memorandum, the

Government conflates, confuses and misstates the testimony from the trial. The Court has a Constitutional obligation to ensure that the Defendant is sentenced based on materially accurate facts. *Gardner v. Florida*, 430 U.S. 349 (1977). A motion for reconsideration is proper to correct manifest errors of law or fact. *United States v. Luger*, 837 F.3d 870 (8th Cir. 2016). Simply because there was a trial and sworn testimony regarding an issue for sentencing, does not alleviate the Court of determining whether the testimony adduced at trial was sufficiently reliable. *United States v. Simmons* 964 F.2nd 763 (8th Cir. 1992). The Defendant would note that in *Simmons*, the facts were remarkably similar to the facts in Mr. Loadholt's case. The one material differences it that in *Simmons*, it was testimony from the Defendant's trial that was questioned, unlike here wherein it was a co-defendant's trial. The Defendant would also note the Defendant was granted an evidentiary sentencing hearing, wherein witnesses were called regarding the disputed facts.

The Defendant requests that the Court review the Defendant's sentencing memorandum and reconsider its ruling regarding the objections to the pre-sentence report(s) and conduct an evidentiary hearing to allow the Defendant to challenge disputed facts during sentencing to determine the disputed facts and require the Government to prove contested facts by a preponderance of the evidence through admissible evidence rather than reliance on the presentence report alone. *United States v. Hammer*, 3 F.3d 266 (8th Cir. 1993).

WHEREFORE, the Defendant prays this motion be granted and for any other

relief to which he may be entitled.

                                      Respectfully submitted,

                                      DIGBY LAW FIRM
                                      109 W South Street
                                      Benton, Arkansas 72015
                                      Office:        (501) 500-9292
                                      Email:  bdigby2@yahoo.com

                                      /s/ Bobby R. Digby II
                                      BOBBY R. DIGBY II (2005222)